Szeles-Natale, Inc. *v.* Board of Commissioners of Swatara Township, Dauphin County, Pennsylvania. Szeles-Natale, Inc., Appellant.

Argued December 9, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Peter J. Ressler,* with him *Charles E. Zaleski,* and *Shearer, Mette & Woodside,* for appellant.

*James W. Reynolds,* with him *David A. Wion,* and *Reynolds, Bihl and Schaffner,* for appellee.

OPINION BY JUDGE MENCER, February 14, 1977:

Szeles-Natale, Inc. (appellant) seeks review of an order of the Court of Common Pleas of Dauphin County which dismissed its appeal from the denial of a plat approval by the Board of Commissioners of Swatara Township (Board). We affirm. The questions raised here by the appellant were thoroughly treated by the court below in an unpublished opinion by Judge MORGAN;[1] however, we will address each issue again briefly.

Foremost among appellant's objections is one concerning the interpretation of Swatara Township's Subdivision and Land Development Ordinance (Ordinance) enacted under the authority of Section 501 of the Pennsylvania Municipalities Planning Code (MPC)[2] which reads in pertinent part:

The governing body of each municipality may regulate subdivisions and land development within the municipality by enacting a subdivision and land development ordinance. The ordinance may require that all plats of land lying within the municipality shall be submitted for approval to the governing body or

---

[1] At No. 1339 June Term, 1974, in the Court of Common Pleas of Dauphin County.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10501.

in lieu thereof to a planning agency designated in the ordinance for this purpose. *All powers granted herein to the governing body or the planning agency shall be exercised in accordance with the provisions of the subdivision and land development ordinance.* (Emphasis added.)

Appellant argues that Section 403 of the Ordinance grants the exclusive power to approve plats to the Swatara Township Planning Commission (Commission). The relevant portion of Section 403 states:

Preliminary Plats. The Commission is herewith authorized to receive applications for preliminary subdivision and land development plat approval, to submit copies of the same to the Engineer, Public Utilities, Dauphin County Planning Commission, and other public agencies, and to return the Plat to the developer approved, or with recommendations for changes necessary for approval.

The Commission, at a meeting on June 3, 1974, recommended approval of the plat. On June 14, 1974, the Board voted to deny plat approval. The Board contends that Section 403 only grants advisory powers to the Commission, while appellant contends that the approval of the Commission is binding. Accordingly, appellant argues that final plat approval of substantially the same plan cannot validly be denied under Section 508(4) of the MPC, 53 P.S. §10508(4).[3]

While the Ordinance is not a model of clarity, our review of the record and the Ordinance as a whole sat-

---

[3] Section 508(4) provides in part:

In addition, when a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided.

isfies us that Section 403 grants only advisory powers to the Commission. Section 201 of the Ordinance provides:

No subdivision or development of any lot, tract or parcel of land located in Swatara Township shall be effected, no street, sanitary sewer, storm sewer, water main or other facilities in connection therewith shall be laid out, constructed, opened or dedicated for public use or travel; or for the common use of occupants of buildings thereon unless and until a Final Plat has been approved *by the Governing Body* and recorded in the manner prescribed herein; nor otherwise except in strict accordance with the provisions of this Ordinance. (Emphasis added.)

Clearly, the Board has reserved for itself the power to approve final plats.[4] Moreover, the record indicates, in our view, several reasons for concluding that the Board not only retained the power of final plat approval but, in fact, was voting on a *preliminary* plat in the June 14, 1974 meeting. First, the plans considered at this meeting were obviously not in the final stages usually associated with a final plat, as evidenced by the fact that one of the developers orally proposed a modification of the plan to eliminate six buildings. Secondly, the plan originally presented to the Board was, in fact, identical, in the degree of detail involved, to the preliminary plat given the Commission. Finally, it is clear from the record that the Commission, the Board, and the parties believed

---

[4] This is also evident in Section 408(1) of the Ordinance:

1. The approved Preliminary Plat may become the Final Plat if no changes have been or are required to be made, subject to Final Plat review and approval by the Governing Body.

that the *preliminary* plat was before the Board for approval, as it had been before the Commission for recommendations only 11 days before.[5] Accordingly, we find that the Ordinance does not delegate authority to the Commission to grant binding plat approval pursuant to Section 501 of the MPC.[6]

The Board cited as reasons for disapproving the plat:

> 1. The land is subject to flooding and deemed to be of such character that it cannot be used for building purposes without danger to health and peril from flood. See Penna. Municipalities Planning Code, Article V, Section 503(2)(v), as implemented by Swatara Township Subdivision and Land Development Ordinance No. 1973-4, Article IV, Section 406 and Article V, Section 501(1).

> 2. Your plan contains provision for disposition of surface water and other drainage with ponding contrary to the provisions of the Swatara Township Subdivision and Land Development Ordinance No. 1973-4. See Township's Ordinance aforesaid, Article V, Section 507(1).[7]

Appellant contends that the Board abused its discretion in asserting these reasons for denial of the permit. Essentially, the issue resolves itself into a ques-

---

[5] Thus, the Ordinance allows developers to submit preliminary plans for review or recommendation by the Commission, but any plat approval, it seems, must be done by the Board. We do not decide whether developers could validly bypass the Commission under the Ordinance.

[6] In the June 3, 1974 meeting, the Commission Chairman stated, in answer to the questioner: "[I]f the plan is not recommended favorably to the Commissioners [Board], the Commissioners can still overrule us."

[7] A third ground for refusal was later deleted.

tion of the credibility of experts appearing before the Board. We cannot say that the Board abused its discretion by giving greater weight to the testimony of one expert over that of another.

It is also clear that the ordinance prohibiting "ponding" was validly applied to the "flood retention ponds" proposed by the appellant. Ample testimony supported the possible adverse effects which could result from the ponds.

Nor do we believe, as appellant contends, that the denial of *this* development plan amounts to an unconstitutional deprivation of land without due process of law. We, of course, express no opinion on whether future action by the Board concerning this land would rise to such a deprivation.

Finally, we see no merit in appellant's contention that two Commissioners' votes should have been discounted because the Commissioners had a conflict of interest. Insufficient evidence appears on the record to indicate an interest conflict of a dimension which would justify discounting the Commissioners' votes.

Order affirmed.

ORDER

Now, this 14th day of February, 1977, the order of the Court of Common Pleas of Dauphin County in the above captioned case is affirmed.